UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLAN ROBERT SIMMONS,<br><br>                    Petitioner,<br>v.<br><br>STATE OF WASHINGTON,<br><br>                    Respondent. | Case No. C19-5284 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>June 19, 2020</u> |

Petitioner Allan R. Simmons, a prisoner at Coyote Ridge Corrections Center, has filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Dkt. 5. Mr. Simmons seeks relief from his 2007 conviction and sentence for first degree rape. *Id.* at 1; Dkt. 10-1, Relevant State Court Record, Exhibit 1, at 1 (First Amended Felony Judgement and Sentence, *State v. Simmons*, Cause No. 09-1-00693-1 (Sep. 11, 2011)).

Mr. Simmons presents the following two grounds:

(1)     Ineffective assistance of counsel for failure to adequately investigate or present exculpatory or mitigating evidence and colluding with the prosecution; and

(2)     A *Brady* violation for the prosecution's failure to admit particular evidence identified by Mr. Simmon;

Dkt. 5, at 5-7.

Mr. Simmons has requested an evidentiary hearing in this matter to review his conviction. Dkt. 5, at 14. The undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED as time-barred. Furthermore, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED as well.

REPORT AND RECOMMENDATION - 1

The Washington State Court of Appeals, Division II summarized the facts of the case in its unpublished decision. Dkt. 10-1, Relevant State Court Record, at 17-19 (State's Exhibit 2, Unpublished Opinion, *State v. Simmons*, Court of Appeals Cause No. 40003-1-II, at 2-3. (Ct. App. Jun, 1, 2011)) (attached to this Report and Recommendation). The trial facts are not relevant to the issues presented in this habeas corpus case and will not be discussed.

## I.   DISCUSSION

### A.   State Court Procedural History

On October 15, 2009, a jury convicted Mr. Simmons of first-degree rape and second-degree assault with sexual motivation. Dkt. 10-1, at 2 (State's Exhibit 1, First Amended Felony Judgement and Sentence, *State v. Simmons*, Cause No. 09-1-00693-1 (Sep. 11, 2011). Mr. Simmons appealed his conviction to the Washington Court of Appeals. On June 1, 2011, the Washington Court of Appeals vacated the assault conviction and ruled that a prior out-of-state robbery conviction was not comparable to robbery in the State of Washington. *Id.* at 17-28. The Court remanded Mr. Simmons for resentencing. *Id.* at 17.

The Thurston County Superior Court resentenced Mr, Simmons on September 9, 2011. Dkt. 10-1, at 2. Mr. Simmons appealed the standard-range sentence imposed on remand, arguing ineffective assistance of counsel and insufficient evidence to support the resentencing court's finding that he has the ability or likely future ability to pay LFOs. Dkt. 10-1, at 30 (State's Exhibit 3, Appellant's Opening Brief, *State v. Simmons*, Cause No. 42570-0). The Court of Appeals dismissed the appeal, resolving Simmons'

1 ineffective assistance of counsel claim on the merits and dismissing the LFO challenge
2 and unripe. Dkt. 10-1, at 100 (State's Exhibit 6, Unpublished Opinion, *State v. Simmons*,
3 Court of Appeals Cause No. 42750-0-II, at 1 (Ct. App. Jun. 4, 2013)).

4      The Court of Appeals issued a final mandate disposing of Mr. Simmons' direct
5 appeal on October 13, 2013. Dkt. 10-1, at 117 (State's Exhibit 7, ACORDS printout,
6 *State v. Simmons*, Cause No. 425700).

7      On May 23, 2016, Mr. Simmons filed a motion to terminate his LFOs, which was
8 transferred to the Court of Appeals for reason of untimeliness as a personal restraint
9 petition (PRP). Dkt. 10-1, at 121, 156 (State's Exhibit 8, Order Transferring Motion to
10 Court of Appeals as a Personal Restraint Petition Under CrR 7.8(c), *State v. Simmons*,
11 Cause No. 09-1-693-1, containing petitioner's filings). The Court of Appeals dismissed
12 the petition as untimely on January 17, 2018. Dkt. 10-1, at 166-167 (State's Exhibit 9,
13 Order Lifting Stay and Denying Petitions, *In re Hensley/In re Miles/In re Simmons*, Court
14 of Appeals Cause Nos. 48156-1-II/49233-4-II/49473-6-II, at 2). Mr. Simmons did not
15 petition the state supreme court for review.

16      Mr. Simmons filed his federal habeas corpus petition on April 9, 2019.

17

18      B.    <u>Time Bar under 28 U.S.C. 2254 (d)(1)</u>

19      Respondent, in his answer to Mr. Simmons' federal habeas petition, argues the
20 petition is untimely under 28 U.S.C. § 2244(d)(1) and, as such, should be dismissed.
21 Dkt. 9, at 4. Mr. Simmons did not object to the timeline described above.

22      There is a one-year time limit to file a Section 2254 federal habeas corpus
23 petition, under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from . . . the

24

25

REPORT AND RECOMMENDATION - 3

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The limitation period may run from a later date under the following circumstances: First, it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review usually concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In this case, direct review was concluded and judgment became final when the Court of Appeals issued its mandate disposing of Mr. Simmons' second direct appeal on October 13, 2013. On that date, Mr. Simmons' window of opportunity for seeking direct review closed, and his judgment and sentence became final for purposes of 28 U.S.C. §

1  2244(d)(1)(A). The AEDPA's one-year statute of limitations began to run the following
2  day. *Id.*
3  The statute of limitations ran out on October 13, 2014. By the time Mr. Simmons
4  filed his PRP, the statute had been expired for 587 days. Mr. Simmons' PRP was
5  dismissed as untimely. In any case, its filing had no effect on the Section 2244 statute of
6  limitations. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (filing of untimely state
7  court application for collateral review does not toll the statute of limitations for filing a
8  federal habeas petition under 28 U.S.C. 2244(d)(2)).
9  When Mr. Simmons filed his federal habeas corpus petition in April of 2019, more
10 than four years had passed since his AEDPA statute of limitations ran out. Mr. Simmons
11 has not asserted any exceptions under 28 U.S.C. 2244(d)(1)(D) that would cause the
12 limitations period to run from a later date. His federal habeas petition should be
13 dismissed with prejudice.

## EVIDENTIARY HEARING

16 "A state court need not conduct an evidentiary hearing to resolve every disputed
17 factual question." *Gulbrandson v. Ryan,* 738 F.3d 976, 987 (9th Cir. 2013). A state court
18 is not required to hold an evidentiary hearing if – even assuming the petitioner's
19 allegations of fact were true – the allegations would not support relief. *Hibbler v.*
20 *Benedetti,* 693 F.3d 1140, 1147-48 (9th Cir. 2012).
21 Mr. Simmons' petition is barred by the statute of limitations, 28 U.S.C. 2254
22 (d)(1); he has not alleged any exceptions, and he has not made a showing that he is
23 entitled to an evidentiary hearing in this case.

REPORT AND RECOMMENDATION - 5

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied**.

## CONCLUSION

The Court should **deny the petition for habeas corpus relief with prejudice**. All of petitioner's claims are time barred, and the Court should refuse to hear them. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is served. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.

REPORT AND RECOMMENDATION - 6

Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 19, 2020**.

Dated this 29th day of May, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7